■ KESCO TEXTILE Co., INC., Appellant, v. COIT INTERNATIONAL, INC., et al., Respondents.— Order, Supreme Court, New York County, entered January 15, 1973, unanimously modified, on the law, to grant partial summary judgment to plaintiff in the amounts of $3,322.97 and $10,116, with interest thereon to be calculated from the due dates (CPLR 3212, subd. [e]), and the remaining claim and counterclaim with respect to the balance of the goods severed to await trial or other disposition by the parties. As so modified, the order appealed from is otherwise affirmed, and appellant shall recover of respondents $60 costs and disbursements of this appeal. By purchase order No. 1793, dated March 3, 1971, defendants ordered 10,000 yards of Jacquard polyester goods from plaintiff at a stipulated price of $2.25 per yard. The order form, prepared by defendants, expressly provided there could be no binding change of any of the terms or conditions, unless such change was in writing. The goods were shipped to defendants, received, retained and apparently used by them. The sum total of the invoices (7) amounted to $29,906.72. Defendants paid the sum of $26,583.75, leaving a balance due of $3,322.97. Subsequent to acceptance and use, defendants on August 10, 1971, by letter, informed plaintiff that defendants had deducted $.25 per yard because of some allegedly unsatisfactory quality in the material supplied. Defendants attempt to justify this arbitrary action by asserting that its purchase order reserved to it "the right of offset for *valid* claims arising out of or in connection with" the purchase order (italics supplied). Defendants' use of the goods without prior notice to plaintiff of any claimed defect made it impossible to determine if indeed there was any validity to its position. Moreover, the purchase order by its terms precluded any alteration of the terms of the contract unless such change be in writing. Plaintiff is entitled to and is awarded judgment for $3,322.97 on purchase order No. 1793. By purchase order No. 4896, dated May 5, 1971, defendants ordered a further quantity of goods at a unit price of $2.00 per yard. These goods were selected from plaintiff's stock by one of defendants' agents. The goods, consisting of 312 pieces, evidenced by invoice Nos. 707, 708 and 715, were shipped and the total billing amounted to $27,268.75. Invoice No. 707, dated May 26, 1971, consisting of 126 pieces, was billed for $10,116. The last invoice, No. 715, is dated June 7, 1971. On or about June 22, 1971, plaintiff received a telephone call from defendants' agent or representative who had selected the goods covered by order No. 4896 that defendants were returning the goods. Plaintiff, by letter to defendants dated June 22, 1971, offered at plaintiff's expense, to go to defendants' plant with defendants' representative who had selected the goods, to inspect such goods. This offer was declined. Subsequently, defendants informed plaintiff the goods were being returned and would be stored, at plaintiff's expense, in a warehouse. In fact, defendants returned only 186 pieces, having used 126 pieces. Since invoice No. 707 is for 126 pieces it appears that defendants used the goods represented by that initial invoice. These goods were billed for $10,116. Defendants' contention that the goods supplied under purchase order No. 4896 were nonconforming, must be rejected with respect to the 126 pieces accepted and used by it. The use of 126 pieces constituted an acceptance of such goods (Uniform Commercial Code, § 2–606). The order appealed from is modified to grant partial summary judgment to plaintiff in the amounts of $3,322.97 and $10,116, with interest thereon to be calculated from the due dates, (CPLR 3212, subd. [e]), and the remaining claim and counterclaim with respect to the balance of the goods shall be severed to await trial or other disposition by the parties. Settle order on notice. Concur— Stevens, P. J., Markewich, Nunez, Lane and Capozzoli, JJ.